# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

SABAL TRAIL TRANSMISSION, LLC,

        Plaintiff,

v.                                  Case No:   6:16-cv-465-Orl-37KRS

0.01 ACRES OF LAND IN OSCEOLA
COUNTY FLORIDA, JAMES F.
MURPHY, ANNA B. YOKEL,
UNKNOWN HEIRS AND
BENEFICIARIES OF JAMES F.
MURPHY, HEIRS AND DEVISEES OF
FRANK J. YOKEL, JAMES F. MURPHY,
JR., and UNKNOWN OWNERS, IF ANY,

        Defendants.

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR FINAL SUMMARY DEFAULT JUDGMENT** (Doc. No. 45) |
| **FILED:** | **November 10, 2016** |

### I.    BACKGROUND.

On February 2, 2016, the Federal Energy Regulatory Commission ("FERC") issued an order which, among other things, granted to Plaintiff Sabal Trail Transmission, LLC ("Plaintiff") a Certificate of Public Convenience and Necessity ("FERC Certificate"), authorizing Plaintiff to construct and operate facilities for transporting natural gas in interstate commerce—the Sabal Trail Project.   Doc. No. 1; Doc. No. 1-4.

Pursuant to the Natural Gas Act, 15 U.S.C. §§ 717–717z ("Gas Act"), and based on the FERC Certificate, Plaintiff filed several land condemnation actions throughout the U.S. District Courts for the Middle District of Florida to acquire the easements necessary to complete the Project. The defendants in this action include certain property located in Osceola County, Florida, James F. Murphy, James F. Murphy, Jr., Unknown Heirs and Beneficiaries of James F. Murphy, Heirs and Devisees of Frank J. Yokel, and Anna B. Yokel—as personal representative of the Estate of Frank J. Yokel.

Attached to its Complaint, Plaintiff filed a: (1) description of the parcel of land at issue in this action (Doc. No. 1-1); (2) proposed "Grant of Easement" with easement drawings (Doc. No. 1-2); (3) copy of the FERC Certificate (Doc. No. 1-4); and (4) copy of the Notice of Condemnation (Doc. No. 1-5).

In accordance with Rule 71.1(d)(3)(A) of the Federal Rules of Civil Procedure, Plaintiff personally served the complaint and notice on Anna B. Yokel on April 20, 2016.  Doc. No. 19.  In accordance with Rule 71.1(d)(3)(B), Plaintiff served the remaining Defendants by publishing the Notice of Condemnation in the Osceola New-Gazette on July 30 and August 6 and 13, 2016.  Doc. Nos. 37 and 37-1.  Plaintiff also mailed a copy of the Notice of Condemnation to the last known addresses of James F. Murphy and James F. Murphy, Jr.  Doc. No. 38 ¶ 7; Doc. No. 38-1.  I previously concluded that these steps were sufficient to constitute service by publication under Rule 71.1(d)(3)(B).  Doc. No. 39 at 2.  Because none of the Defendants entered appearances in this action, the clerk entered defaults against all of them.  Docs. No. 33, 40, 41, 42, 43, 44.

On June 3, 2016, the Court entered an Order granting Plaintiff's Motion for Partial Summary Judgment, finding that Plaintiff has the right to condemn the easement at issue, identified as HT125-FL-OS-018.005.   Doc. No. 26.   The Court also granted Plaintiff's Motion for Preliminary Injunction and Immediate Possession.   *Id.*

Plaintiff has now filed the instant Motion for Final Summary Default Judgment (Doc. 45), in which it states that the value of the proposed taking is $100.00.   This valuation is supported by the declaration of Richard H. Parham, a State-Certified General Real Estate Appraiser.   Mr. Parham has been an appraiser for twenty seven years.   Doc. No. 45-1 ¶ 3.   On August 4, 2016, Mr. Parham prepared an appraisal of the value of Parcel HT125-FL-OS-018.005, and determined just compensation for the easement to be $100.00.   *Id.* at ¶¶ 6-8.   There is nothing in the record contradicting Mr. Parham's opinion of value.

## II.      DISCUSSION

The Federal Rules of Civil Procedure provide that in eminent domain proceedings "the failure to serve an answer constitutes consent to the taking and to the court's authority to proceed with the action and fix the compensation."   Fed. R. Civ. P. 71.1(d)(2)(A)(vi).   "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."   Fed. R. Civ. P. 55(a).   Following entry of a clerk's default, the court may enter a default judgment.   Fed. R. Civ. P. 55(b)(2).

Pursuant to the Natural Gas Act, Plaintiff has the authority to condemn the easements it seeks: "When any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain a pipe line or pipe lines for the

transportation of natural gas, and the necessary land or other property, in addition to right-of-way, for the location of compressor stations, pressure apparatus, or other stations or equipment necessary to the proper operation of such pipe line or pipe lines, it may acquire the same by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located. . . ."  15 U.S.C. § 717f(h).   Numerous courts have held that the Act authorizes a party to exercise the federal power of eminent domain to acquire property necessary for an interstate natural gas pipeline project when: (1) the plaintiff is the holder of a FERC Certificate authorizing a project, (2) FERC has determined that the property is necessary for the project, and (3) the plaintiff is unable to acquire the property by contract.  *E.g.*, *Columbia Gas Trans., LLC, v. 1.01 Acres, More or Less, in Penn Twp., York Cty., Pa.*, 768 F.3d 300, 304 (3d Cir. 2014); *Columbia Gas Trans., LLC, v. 0.85 Acres, No. WDQ-14-2288*, 2014 WL 4471541, at *3 (D. Md. Sept. 8, 2014); *Fla. Se. Connection, LLC v. 6.585 Acres of Land*, No. 8:16-cv-657-T-33TGW, 2016 WL 2745225, at * 2 (M.D. Fla. May 11, 2016); *Transcon. Gas Pipe Line Co., LLC, v. Permanent Easement Totaling 2.322 Acres*, No. 3:14-cv-00400-HEH, 2014 WL 4365476, at *4 (E.D. Va. Sept. 2, 2014).

On this basis, Plaintiff previously moved for partial summary judgment (Doc. 9) to confirm its right to condemn the easement, and this Court granted that motion.  Doc. No. 26.  The only issue remaining to be decided by the instant motion is the amount of compensation to be paid for the taking.  In the absence of an appearance by any of the Defendants or any conflicting evidence of valuation, the Court accepts the appraisal evidence presented by Plaintiff, establishing that $100.00 is just compensation for Parcel HT125-FL-OS-018.005.

## III.    RECOMMENDATIONS

In light of the foregoing, I respectfully **RECOMMEND** that the Court do the following:

1. **GRANT** Plaintiff's Motion for Final Summary Default Judgment (Doc. No. 45);

2. Find that Plaintiff has properly exercised its power of eminent domain;

3. Find that $100.00 is just compensation for Parcel HT125-FL-OS-018.005;

4. Order that upon payment of $100.00 by Plaintiff into the registry of the Court, ownership and property rights related to Parcel HT125-FL-OS-018.005 as defined in the Notice of Condemnation (Doc. No. 1-5) shall become vested in Plaintiff; and,

5. Order that upon payment of $100.00 into registry of the Court, Plaintiff and Liberty Mutual Insurance Company shall be released from the bond previously posted (Doc. No. 29).

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on December 12, 2016.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy